# Rules Governing Standards of Conduct of Magisterial District Judges  2014

## PREAMBLE

[1] These Rules Governing Standards of Conduct ("Conduct Rules") shall constitute the "canon of ... judicial ethics" referenced in Article V, Section 17(b) of the Pennsylvania Constitution, which states, in pertinent part:  "Justices of the peace [now magisterial district judges] shall be governed by rules or canons which shall be prescribed by the [Pennsylvania] Supreme Court."

[2] An independent, fair, honorable and impartial judiciary is indispensable to our system of justice.  The Pennsylvania legal system is founded upon the principle that an independent, fair, impartial, and competent judiciary, composed of persons of integrity, will interpret and apply the law that governs our society.  The judiciary consequently plays a fundamental role in ensuring the principles of justice and the rule of law.  The rules contained in these Conduct Rules necessarily require magisterial district judges, individually and collectively, to treat and honor the judicial office as a public trust, striving to preserve and enhance legitimacy and confidence in the legal system.

[3] Magisterial district judges should uphold the dignity of judicial office at all times, avoiding both impropriety and the appearance of impropriety in their professional and personal lives.  They should at all times conduct themselves in a manner that garners the highest level of public confidence in their independence, fairness, impartiality, integrity, and competence.

[4] The Conduct Rules denote standards for the ethical behavior of magisterial district judges and judicial candidates.  It is not an all-encompassing model of appropriate conduct for magisterial district judges and judicial candidates, but rather a complement to general ethical standards and other rules, statutes and laws governing such persons' judicial and personal conduct.  The Conduct Rules are designed to assist magisterial district judges in practicing the highest standards of judicial and personal conduct and to establish a basis for disciplinary agencies to regulate magisterial district judges' conduct.

[5] The Conduct Rules are rules of reason that should be applied consistently with constitutional requirements, statutes, other court rules, and decisional law, and with due regard for all relevant circumstances.  The Conduct Rules are to be construed so as not to impinge on the essential independence of magisterial district judges in making judicial decisions.

[6] Where a Rule contains a permissive term, such as "may" or "should," the conduct being addressed is committed to the personal and professional discretion of the magisterial district judge or candidate in question, and no disciplinary action should be taken for action or inaction within the bounds of such discretion.  Moreover, it is not intended that disciplinary action would be appropriate for every violation of the Conduct Rules' provisions.  Whether disciplinary action is appropriate, and the degree of discipline to be imposed, should be determined through a reasonable application of the text and should depend on such factors as the

seriousness of the violation, the intent of the magisterial district judge, whether there is a pattern of improper activity, and the effect of the improper activity on others or on the judicial system.

[7] These Conduct Rules are not designed or intended as a basis for civil or criminal liability. Neither are they intended to be the basis for litigants to seek collateral remedies against each other or to obtain tactical advantages in proceedings before a court.

[8] The Ethics Committee of the Pennsylvania Conference of State Trial Judges and the Ethics and Professionalism Committee of the Special Court Judges Association of Pennsylvania are designated as the approved bodies to render advisory opinions regarding ethical concerns involving magisterial district judges and judicial candidates subject to the Conduct Rules. Although such opinions are not, *per se*, binding upon the Judicial Conduct Board, the Court of Judicial Discipline or the Supreme Court of Pennsylvania, action taken in reliance thereon and pursuant thereto shall be taken into account in determining whether discipline should be recommended or imposed. It is anticipated that ethical concerns directed to the Ethics Committee of the Pennsylvania Conference of State Trial Judges would be limited to matters more appropriately before that body, *e.g.*, campaigning for election to the court of common pleas or an appellate court.

[9] In 2014, these Conduct Rules were reformatted and revised in material respects, upon guidance taken from the 2011 edition of the American Bar Association's Model Code of Judicial Conduct, other states' codes, and experience.

# TERMINOLOGY

**Aggregate** - In relation to contributions for a candidate, includes contributions in cash or kind made directly to a candidate's campaign committee or indirectly with the understanding that they will be used to support the election of a candidate or to oppose the election of the candidate's opponent.

**Appropriate authority** - The authority having responsibility for initiation of disciplinary process in connection with the violation to be reported.

**Contribution** - Both financial and in-kind contributions, such as professional or volunteer services, advertising, and other assistance, which if otherwise obtained, would require a financial expenditure.

**Domestic partner** - A person with whom another person maintains a household and an intimate relationship, other than a person to whom he or she is legally married.

**Economic interest** - More than a *de minimis* legal or equitable ownership interest. Except for situations in which the magisterial district judge participates in the management of such a legal or equitable interest, or the interest could be substantially affected by the outcome of a proceeding before a magisterial district judge, it does not include:

(1)     an interest in the individual holdings within a mutual or common investment fund;

2

(2)     an interest in securities held by an educational, religious, charitable, fraternal, or civic organization in which the magisterial district judge or the magisterial district judge's spouse, domestic partner, parent, or child serves as a director, an officer, an advisor, or other participant;

(3)     a deposit in a financial institution or deposits or proprietary interests the magisterial district judge may maintain as a member of a mutual savings association or credit union, or similar proprietary interests; or

(4)     an interest in the issuer of government securities held by the magisterial district judge.

**Fiduciary** - Includes relationships such as executor, administrator, trustee, or guardian.

**Impartial, impartiality, impartially** – Absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintenance of an open mind in considering issues that may come before a magisterial district judge.

**Impending matter** – A matter that is imminent or expected to occur in the near future.

**Impropriety** – Includes conduct that violates the law, court rules, or provisions of these Conduct Rules, and conduct that undermines a magisterial district judge's independence, integrity, or impartiality.

**Independence** - A magisterial district judge's freedom from influence or controls other than those established by law or Rule.

**Integrity -** –Probity, fairness, honesty, uprightness, and soundness of character.

**Judicial candidate** - Any person, including a sitting magisterial district judge, who is seeking appointment or election to judicial office. A person becomes a candidate for judicial office as soon as he or she makes a public announcement of candidacy, declares or files as a candidate with the appointment or election authority, or where permitted, engages in solicitation or acceptance of contributions or support, or is nominated for appointment or election to office.

**Knowingly, knowledge, known, and knows** – Actual knowledge of the fact in question. A person's knowledge may be inferred from the circumstances.

**Law** - Refers to constitutional provisions, statutes, decisional law, Supreme Court Rules and directives, including these Conduct Rules and the Unified Judicial System Policy of Non-Discrimination and Equal Opportunity, and the like which may have an effect upon judicial conduct.

**Member of the candidate's family** - The spouse, domestic partner, child, grandchild, parent, grandparent, or other relative or person with whom the candidate maintains a close familial relationship.

**Member of the magisterial district judge's family**  - The spouse, domestic partner, child, grandchild, parent, grandparent, or other relative or person with whom the magisterial district judge maintains a close familial relationship.

**Member of the magisterial district judge's family residing in the magisterial district judge's household** - Any relative of a magisterial district judge by blood or marriage, or a person treated by a magisterial district judge as a member of the magisterial district judge's family, who resides in the magisterial district judge's household.

**Nonpublic information** – Information that is not available to the public.  Nonpublic information may include, but is not limited to, information that is sealed by statute or court order or impounded or communicated in camera, and information offered in grand jury proceedings, presentence reports, dependency cases, or psychiatric reports.

**Party** - A person or entity who has a legal interest in a court proceeding.

**Pending matter** - A matter that has commenced and continuing on until final disposition.

**Personally solicit** – A direct request made by a magisterial district judge or a judicial candidate for financial support or in-kind services, whether made by letter, telephone, or any other means of communication.

**Political organization** - A political party or group sponsored by or affiliated with a political party or candidate, the principal purpose of which is to further the election or appointment of candidates for political office, excluding a judicial candidate's campaign committee created as authorized by these Conduct Rules.

**Public election** – Includes primary, municipal, and general elections, partisan elections, and nonpartisan elections.

**Third degree of relationship** – Includes the following persons: great-grandparent, grandparent, parent, uncle, aunt, brother, sister, child, grandchild, great-grandchild, nephew, and niece.

# APPLICATION

[1] The provisions of these Conduct Rules shall apply to all magisterial district judges as defined in paragraph [2] *infra.*

[2] A magisterial district judge within the meaning of these Conduct Rules is a magisterial district judge, whether or not a lawyer;  a judge of the Philadelphia Municipal Court, Traffic Division; and all senior judges as set forth in [3] *infra.*[1]

---

[1] Though not covered by these Conduct Rules, there is a Code of Conduct for Employees of the Unified Judicial System ("Employee Code").  It applies to "employees" defined as, "Employees of the Unified Judicial System" and includes 1) all state-level court employees, and 2) all county-level court employees who are under the supervision

4

[3] All senior magisterial district judges, active or eligible for recall to judicial service, shall comply with the provisions of these Conduct Rules; provided however, a senior magisterial judge may accept extra-judicial appointments which are otherwise prohibited by Rule 3.4 (Appointments to Governmental Positions and Other Organizations); and incident to such appointments a senior magisterial district judge is not required to comply with Rule 3.2 (Appearances Before Governmental Bodies and Consultation with Government Officials). However, during the period of such extrajudicial appointment the senior magisterial district judge shall refrain from judicial service.

[4] Canon 4 (governing political and campaign activities) applies to all judicial candidates.

# CANON 1

**A MAGISTERIAL DISTRICT JUDGE SHALL UPHOLD AND PROMOTE THE INDEPENDENCE, INTEGRITY, AND IMPARTIALITY OF THE JUDICIARY, AND SHALL AVOID IMPROPRIETY AND THE APPEARANCE OF IMPROPRIETY.**

**RULE 1.1**
*Compliance with the Law*

**A magisterial district judge shall comply with the law, including the Rules Governing Standards of Conduct of Magisterial District Judges.**

COMMENT

This Rule concerns a magisterial district judge's duty to comply with the law. For a magisterial district judge's duty to uphold and apply the law in judicial decision-making, see Rule 2.2 and Comment [3] to Rule 2.2.

**RULE 1.2**
*Promoting Confidence in the Judiciary*

**A magisterial district judge shall act at all times in a manner that promotes public confidence in the independence, integrity, and impartiality of the judiciary, and shall avoid impropriety and the appearance of impropriety.**

---

and authority of the President Judge of a Judicial District of Pennsylvania, unless otherwise indicated by Supreme Court order or rule.

**COMMENT:**

[1] Public confidence in the judiciary is eroded by improper conduct and conduct that creates the appearance of impropriety. This principle applies to both the professional and personal conduct of a magisterial district judge.

[2] A magisterial district judge should expect to be the subject of public scrutiny that might be viewed as burdensome if applied to other citizens, and must accept the restrictions imposed by the Conduct Rules.

[3] Conduct that compromises or appears to compromise the independence, integrity, and impartiality of a magisterial district judge undermines public confidence in the judiciary. Because it is not practicable to list all such conduct, the Rule is necessarily cast in general terms.

[4] Magisterial district judges should participate in activities that promote ethical conduct among judges and lawyers, support professionalism within the judiciary and the legal profession, and promote access to justice for all.

[5] "Impropriety" is a defined term in the Terminology Section of these Conduct Rules. Actual improprieties include violations of law, court rules or provisions of these Conduct Rules. The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the magisterial district judge violated these Conduct Rules or engaged in other conduct that reflects adversely on the magisterial district judge's honesty, impartiality, temperament, or fitness to serve as a magisterial district judge. This test differs from the formerly applied common law test of whether "a significant minority of the lay community could reasonably question the court's impartiality."

[6] Magisterial district judges are encouraged to initiate and participate in community outreach activities for the purpose of promoting public understanding of and confidence in the administration of justice. In conducting such activities, the magisterial district judge must act in a manner consistent with these Conduct Rules.

**RULE 1.3**
*Avoiding Abuse of the Prestige of Judicial Office*

**A magisterial district judge shall not abuse the prestige of judicial office to advance the personal or economic interests of the magisterial district judge or others, or allow others to do so.**

**COMMENT:**

[1] It is improper for a magisterial district judge to use or attempt to use his or her position to gain personal advantage or preferential treatment of any kind. For example, it would be improper for a magisterial district judge to allude to his or her judicial status to gain favorable treatment in encounters with traffic officials. Similarly, a magisterial district judge must not use judicial letterhead to gain an advantage in conducting his or her personal business. A magisterial

district judge should also not lend the prestige of his or her office to advance the private interests of others, nor convey or knowingly permit others to convey the impression that they are in a special position to influence the magisterial district judge.

[2] A magisterial district judge may provide a reference or recommendation for an individual based upon the magisterial district judge's personal knowledge. The magisterial district judge may use official letterhead if the magisterial district judge indicates that the reference is personal and if there is no likelihood that the use of the letterhead would reasonably be perceived as an attempt to exert pressure by reason of the judicial office.

[3] Magisterial district judges may participate in the process of judicial selection by cooperating with appointing authorities and screening committees, and by responding to inquiries from such entities concerning the professional qualifications of a person being considered for judicial office.

[4] Special considerations arise when magisterial district judges write or contribute to publications of for-profit entities, whether related or unrelated to the law. A magisterial district judge should not permit anyone associated with the publication of such materials to exploit the magisterial district judge's office in a manner that violates this Rule or other applicable law. In contracts for publication of a magisterial district judge's writing, the magisterial district judge should retain sufficient control over the advertising and promotion of such writing to avoid such exploitation.

# CANON 2

**A MAGISTERIAL DISTRICT JUDGE SHALL PERFORM THE DUTIES OF JUDICIAL OFFICE IMPARTIALLY, COMPETENTLY, AND DILIGENTLY.**

**RULE 2.1**
*Giving Precedence to the Duties of Judicial Office*

**The duties of judicial office, as prescribed by law, shall ordinarily take precedence over a magisterial district judge's personal and extrajudicial activities.**

COMMENT:

[1] Magisterial district judges shall devote the time necessary for the prompt and proper disposition of the business of their office, which shall be given priority over any other occupation, business, profession, pursuit or activity. A magisterial district judge's personal and extrajudicial activities should be arranged so as not to interfere unreasonably with the diligent discharge of the magisterial district judge's duties of office.

[2] To ensure that magisterial district judges are available to fulfill their judicial duties, magisterial district judges must conduct their personal and extrajudicial activities to minimize the risk of conflicts that would result in frequent disqualification. *See* Canon 3.

[3] Although it is not a duty of judicial office unless prescribed by law, magisterial district judges are encouraged to participate in activities that promote public understanding of and confidence in the administration of justice.

[4] Magisterial district judges shall not use or permit the use of premises established for the disposition of their magisterial business for any other occupation, business, profession or gainful pursuit.

**RULE 2.2**
*Impartiality and Fairness*

**A magisterial district judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially.**

**COMMENT:**

[1] To ensure impartiality and fairness to all parties, a magisterial district judge must be objective and open-minded.

[2] Although each magisterial district judge comes to the bench with a unique background and personal philosophy, a magisterial district judge must interpret and apply the law without regard to whether the magisterial district judge approves or disapproves of the law in question. This comment is not intended to restrict the appropriate functions of the courts in statutory or common law review.

[3] When applying and interpreting the law, a magisterial district judge sometimes may make good-faith errors of fact or law. Errors of this kind do not violate this Rule.

[4] It is not a violation of this Rule for a magisterial district judge to make reasonable accommodations to ensure *pro se* litigants the opportunity to have their matters heard fairly and impartially.

**RULE 2.3**
*Bias, Prejudice, and Harassment*

**(A) A magisterial district judge shall perform the duties of judicial office, including administrative duties, without bias or prejudice.**

**(B) A magisterial district judge shall not, in the performance of judicial duties, by words or conduct manifest bias or prejudice, or engage in harassment, including but not limited to bias, prejudice, or harassment based upon race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, and shall not permit court staff, court officials, or others subject to the magisterial district judge's direction and control to do so.**

**(C) A magisterial district judge shall require lawyers in proceedings before the court to refrain from manifesting bias or prejudice, or engaging in harassment, based upon attributes including but not limited to race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation, against parties, witnesses, lawyers, or others.**

**(D) The restrictions of paragraphs (B) and (C) do not preclude magisterial district judges or lawyers from making legitimate reference to the listed factors, or similar factors, when they are relevant to an issue in a proceeding.**

COMMENT:

[1] A magisterial district judge who manifests bias or prejudice in a proceeding impairs the fairness of the proceeding and brings the judiciary into disrepute.

[2] Examples of manifestations of bias or prejudice include but are not limited to epithets; slurs; demeaning nicknames; negative stereotyping; attempted humor based upon stereotypes; threatening, intimidating, or hostile acts; suggestions of connections between race, ethnicity, or nationality and crime; and irrelevant references to personal characteristics. Even facial expressions and body language can convey to parties and lawyers in the proceeding, the media, and others an appearance of bias or prejudice. A magisterial district judge must avoid conduct that may reasonably be perceived as prejudiced or biased.

[3] Harassment, as referred to in paragraphs (B) and (C), is verbal or physical conduct that denigrates or shows hostility or aversion toward a person on bases such as race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, marital status, socioeconomic status, or political affiliation.

[4] Sexual harassment includes but is not limited to sexual advances, requests for sexual favors, and other verbal or physical conduct of a sexual nature that is unwelcome.

[5] The Supreme Court's Rules and Policies, e.g., the Rules of Judicial Administration and the Unified Judicial System Policy on Non-Discrimination and Equal Employment Opportunity, have continued force and effect.

**RULE 2.4**
*External Influences on Judicial Conduct*

**(A) A magisterial district judge shall not be swayed by public clamor or fear of criticism.**

**(B) A magisterial district judge shall not permit family, social, political, financial, or other interests or relationships to influence the magisterial district judge's judicial conduct or judgment.**

**(C) A magisterial district judge shall not convey or permit others to convey the impression that any person or organization is in a position to influence the magisterial district judge.**

**COMMENT:**

An independent judiciary requires that magisterial district judges decide cases according to the law and facts, without regard to whether particular laws or litigants are popular or unpopular with the public, the media, government officials, or the magisterial district judge's friends or family. Confidence in the judiciary is eroded if judicial decision making is perceived to be subject to inappropriate outside influences.

**RULE 2.5**
*Competence, Diligence and Cooperation*

**(A) A magisterial district judge shall perform judicial and administrative duties competently and diligently.**

**(B) A magisterial district judge shall cooperate with other magisterial district judges and court officials in the administration of court business.**

**COMMENT:**

[1] Competence in the performance of judicial duties requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary to perform a magisterial district judge's responsibilities of judicial office.

[2] A magisterial district judge should seek the necessary docket time, court staff, expertise, and resources to discharge all adjudicative and administrative responsibilities.

[3] Prompt disposition of the court's business requires a magisterial district judge to devote adequate time to judicial duties, to be punctual in attending court and expeditious in determining matters under submission, and to take reasonable measures to ensure that court officials, litigants, and their lawyers cooperate with the magisterial district judge to that end.

[4] In disposing of matters promptly and efficiently, a magisterial district judge must demonstrate due regard for the rights of parties to be heard and to have issues resolved without unnecessary cost or delay. A magisterial district judge should monitor and supervise cases in ways that reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs.

[5] Magisterial district judges should require their staffs to observe the standards of competence and diligence that apply to them.

**RULE 2.6**
*Ensuring the Right to Be Heard*

**(A) A magisterial district judge shall accord to every person or entity who has a legal interest in a proceeding, or that person or entity's lawyer or authorized representative, the right to be heard according to law.**

**(B) A magisterial district judge may encourage parties to a proceeding and their lawyers or authorized representatives to settle matters in dispute but shall not act in a manner that coerces any party into settlement.**

COMMENT:

[1] The right to be heard is an essential component of a fair and impartial system of justice. Substantive rights of litigants can be protected only if procedures protecting the right to be heard are observed.

[2] The magisterial district judge plays an important role in overseeing the settlement of disputes, but should be careful that efforts to further settlement do not undermine any party's right to be heard according to law.

**RULE 2.7**
*Responsibility to Decide*

**A magisterial district judge shall hear and decide matters assigned to the magisterial district judge, except where the magisterial district judge has recused himself or herself or when disqualification is required by Rule 2.11 or other law.**

COMMENT:

[1] Magisterial district judges shall be available to decide the matters that come before the court. Although there are times when disqualification or recusal is necessary to protect the rights of litigants and preserve public confidence in the independence, integrity, and impartiality of the judiciary, magisterial district judges must be available to decide matters that come before the courts. Unwarranted disqualification or recusal may bring public disfavor to the court and to the magisterial district judge personally. The dignity of the court, the magisterial district judge's respect for fulfillment of judicial duties, and a proper concern for the burdens that may be imposed upon the magisterial district judge's colleagues require that a magisterial district judge should not use disqualification or recusal to avoid cases that present difficult, controversial, or unpopular issues.

[2] This Rule describes the duty of a magisterial district judge to decide matters assigned to the magisterial district judge. However, there may be instances where a magisterial district judge is disqualified from presiding over a particular matter or shall recuse himself or herself from doing so. A magisterial district judge is disqualified from presiding over a matter when a specified disqualifying fact or circumstance is present. See Rule 2.11. The concept of recusal envisioned in this Rule overlaps with disqualification. In addition, however, a magisterial district judge may recuse himself or herself from presiding over a matter even in the absence of a disqualifying fact or circumstance where - in the exercise of discretion, in good faith, and with due consideration for the general duty to hear and decide matters - the magisterial district judge concludes that prevailing facts and circumstances could engender a substantial question in reasonable minds as to whether disqualification nonetheless should be required. This test differs

from the formerly applied common law test of whether "a significant minority of the lay community could reasonably question the court's impartiality."

[3] A magisterial district judge should disclose information that the magisterial district judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification or recusal, even if the magisterial district judge believes there is no proper basis for disqualification or recusal.

**RULE 2.8**
*Decorum, Demeanor, and Communication in an Official Capacity*

**(A) A magisterial district judge shall require order and decorum in proceedings before the court. They shall wear judicial robes while conducting hearings and trials.**

**(B) A magisterial district judge shall be patient, dignified, and courteous to litigants, witnesses, lawyers, authorized representatives, court staff, court officials, and others with whom the magisterial district judge deals in an official capacity, and shall require similar conduct of lawyers, court staff, court officials, and others subject to the magisterial district judge's direction and control.**

**(C)     Magisterial district judges shall prohibit broadcasting, televising, recording or taking photographs in the courtroom and areas immediately adjacent thereto during sessions or recesses between sessions, except that magisterial district judges may authorize:**

> **(1) the use of electronic or photographic means for the presentation of evidence, for the perpetuation of a record or for other purposes of judicial administration; and**

> **(2) the broadcasting, televising, recording or photographing of investitive or ceremonial proceedings.**

COMMENT:

The duty to hear all proceedings with patience and courtesy is not inconsistent with the duty imposed in Rule 2.5 to dispose promptly of the business of the court. Magisterial district judges can be efficient and businesslike while being patient and deliberate.

**RULE 2.9**
*Ex parte Communications*

**(A) A magisterial district judge shall not initiate, permit, or consider *ex parte* communications, or consider other communications made to the magisterial district judge outside the presence of the parties or their lawyers or authorized representatives, concerning a pending or impending matter, except as follows:**

(1) When circumstances require it, *ex parte* communication for scheduling, administrative, or emergency purposes, which does not address substantive matters, is permitted, provided:

> (a) the magisterial district judge reasonably believes that no party will gain a procedural, substantive, or tactical advantage as a result of the *ex parte* communication; and
>
> (b) the magisterial district judge makes provision promptly to notify all other parties of the substance of the *ex parte* communication, and gives the parties an opportunity to respond whenever the circumstances reasonably permit.

(2) A magisterial district judge may obtain the written advice of a disinterested expert on the law applicable to a proceeding before the magisterial district judge, if the magisterial district judge gives advance notice to the parties of the person to be consulted and the subject matter of the advice to be solicited, and affords the parties a reasonable opportunity to object and respond to the notice and to the advice received.

(3) A magisterial district judge may consult with court staff and court officials whose functions are to aid the magisterial district judge in carrying out the magisterial district judge's adjudicative responsibilities, or with other magisterial district judges, provided the magisterial district judge makes reasonable efforts to avoid receiving factual information that is not part of the record, and does not abrogate the responsibility to decide the matter personally.

(4) A magisterial district judge may initiate, permit, or consider any *ex parte* communication when expressly authorized by law to do so.

(B) If a magisterial district judge inadvertently receives an unauthorized *ex parte* communication bearing upon the substance of a matter, the magisterial district judge shall promptly notify the parties of the substance of the communication and provide the parties with an opportunity to respond.

(C) A magisterial district judge shall not investigate facts in a matter independently, and shall consider only the evidence presented and any facts that may properly be judicially noticed.

(D) A magisterial district judge shall make reasonable efforts, including providing appropriate supervision, to ensure that this Rule is not violated by court staff, court officials, and others subject to the magisterial district judge's direction and control.

(E) It is not a violation of this Rule for a magisterial district judge to initiate, permit, or consider ex parte communications expressly authorized by law, such as when serving on therapeutic or problem-solving courts, mental health courts, or drug courts. In this

**capacity, a magisterial district judge may assume a more interactive role with the parties, treatment providers, probation officers, social workers, and others.**

COMMENT:

[1] To the extent reasonably possible, all parties or their lawyers shall be included in communications with a magisterial district judge.

[2] Whenever the presence of a party or notice to a party is required by this Rule, it is the party's attorney of record or authorized representative, or if the party is unrepresented, the party, who is to be present or to whom notice is to be given.

[3] The proscription against communications concerning a proceeding includes communications with lawyers, law teachers, and other persons who are not participants in the proceeding, except to the limited extent permitted by this Rule.

[4] A magisterial district judge shall avoid comments and interactions that may be interpreted as *ex parte* communications concerning pending matters or matters that may appear before the court, including a magisterial district judge who participates in electronic social media.

[5] A magisterial district judge may consult with other magisterial district judges on pending matters, but must avoid *ex parte* discussions of a case with magisterial district judges who have previously been disqualified from hearing the matter, and with judges who have appellate jurisdiction over the matter.

[6] The prohibition against a magisterial district judge investigating the facts in a matter extends to information available in all mediums, including electronic.

[7] A magisterial district judge may consult ethics advisory committees, outside counsel, or legal experts concerning the magisterial district judge's compliance with these Conduct Rules. Such consultations are not subject to the restrictions of paragraph (A)(2).

[8] In order to obtain the protection afforded to ex parte communication under paragraph (E) of this Rule, a magisterial district judge should take special care to make sure that the participants in such voluntary special court programs are made aware of and consent to the possibility of ex parte communications under paragraph (E).

**RULE 2.10**
*Judicial Statements on Pending and Impending Cases*

**(A) A magisterial district judge shall not make any public statement that might reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court, or make any nonpublic statement that might substantially interfere with a fair trial or hearing.**

**(B) A magisterial district judge shall not, in connection with cases, controversies, or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.**

**(C) A magisterial district judge shall require court staff, court officials, and others subject to the magisterial district judge's direction and control to refrain from making statements that the magisterial district judge would be prohibited from making by paragraphs (A) and (B).**

**(D) Notwithstanding the restrictions in paragraph (A), a magisterial district judge may make public statements in the course of official duties, may explain court procedures, and may comment on any proceeding in which the magisterial district judge is a litigant in a personal capacity.**

**(E) Subject to the requirements of paragraph (A), a magisterial district judge may respond directly or through a third party to allegations in the media or elsewhere concerning the magisterial district judge's conduct in a matter.**

COMMENT:

[1] This Rule's restrictions on judicial speech are essential to the maintenance of the independence, integrity, and impartiality of the judiciary. A magisterial district judge should be mindful that comments of a magisterial district judge regarding matters that are pending or impending in any court can sometimes affect the outcome or impair the fairness of proceedings in a matter. See Rule 1.2.

[2] This Rule does not prohibit a magisterial district judge from commenting on proceedings in which the magisterial district judge is a litigant in a personal capacity, or represents a client as permitted by these Rules. In cases in which the magisterial district judge is a litigant in an official capacity, such as a writ of mandamus, the magisterial district judge must not comment publicly.

[3] Depending upon the circumstances, the magisterial district judge should consider whether it may be preferable for a third party, rather than the magisterial district judge, to respond or issue statements in connection with allegations concerning the magisterial district judge's conduct in a matter.

[4] This Rule is not intended to impede a magisterial district judge from commenting upon legal issues or matters for pedagogical purposes.

**RULE 2.11**
*Disqualification*

**(A) A magisterial district judge shall disqualify himself or herself in any proceeding in which the magisterial district judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:**

(1) The magisterial district judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding.

(2) The magisterial district judge knows that the magisterial district judge, the magisterial district judge's spouse or domestic partner, or a person within the third degree of relationship to either of them, or the spouse or domestic partner of such a person is:

      (a) a party to the proceeding, or an officer, director, general partner, managing member, or trustee of a party;

      (b) acting as a lawyer in the proceeding;

      (c) a person who has more than a de minimis interest that could be substantially affected by the proceeding; or

      (d) likely to be a material witness in the proceeding.

(3) The magisterial district judge knows that he or she, individually or as a fiduciary, or the magisterial district judge's spouse, domestic partner, parent, or child, or any other member of the magisterial district judge's family residing in the magisterial district judge's household, has an economic interest in the subject matter in controversy or is a party to the proceeding.

(4) The magisterial district judge knows or learns that a party, a party's lawyer, or the law firm of a party's lawyer has made a direct or indirect contribution(s) to the magisterial district judge's campaign in an amount that would raise a reasonable concern about the fairness or impartiality of the magisterial district judge's consideration of a case involving the party, the party's lawyer, or the law firm of the party's lawyer. In doing so, the magisterial district judge should consider the public perception regarding such contributions and their effect on the magisterial district judge's ability to be fair and impartial. There shall be a rebuttable presumption that recusal or disqualification is not warranted when a contribution or reimbursement for transportation, lodging, hospitality or other expenses is equal to or less than the amount required to be reported as a gift on a magisterial district judge's Statement of Financial Interest.

(5) The magisterial district judge, while a magisterial district judge or a judicial candidate, has made a public statement, other than in a court proceeding, judicial decision, or opinion, that commits the magisterial district judge to reach a particular result or rule in a particular way in the proceeding or controversy.

(6) The magisterial district judge:

16

**(a)** served as a lawyer in the matter in controversy, or was associated with a lawyer who participated substantially as a lawyer or was a material witness in the matter during such association;

**(b)** served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy; or

**(c)** was a material witness concerning the matter.

**(B)** A magisterial district judge shall keep informed about the magisterial district judge's personal and fiduciary economic interests, and make a reasonable effort to keep informed about the personal economic interests of the magisterial district judge's spouse or domestic partner and minor children residing in the magisterial district judge's household.

**(C)** A magisterial district judge subject to disqualification under this Rule, other than for bias or prejudice under paragraph (A)(1), may disclose on the record the basis of the magisterial district judge's disqualification and may ask the parties and their lawyers to consider, outside the presence of the magisterial district judge and court personnel, whether to waive disqualification. If, following the disclosure, the parties and lawyers agree, without participation by the magisterial district judge or court personnel, that the magisterial district judge should not be disqualified, the magisterial district judge may participate in the proceeding. The agreement, in writing and signed by all parties and lawyers, shall be attached to the record copy of the complaint form.

COMMENT:

[1] Under this Rule, a magisterial district judge is disqualified whenever the magisterial district judge's impartiality might reasonably be questioned, regardless of whether any of the specific provisions of paragraphs (A)(1) through (6) apply.

[2] A magisterial district judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.

[3] The rule of necessity may override the rule of disqualification. For example, a magisterial district judge might be the only magisterial district judge available in a matter requiring immediate judicial action, such as a hearing on probable cause. In matters that require immediate action, the magisterial district judge must disclose the basis for possible disqualification and make reasonable efforts to transfer the matter to another magisterial district judge as soon as practicable.

[4] The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the magisterial district judge is affiliated does not itself disqualify the magisterial district judge. If, however, the magisterial district judge's impartiality might reasonably be questioned under paragraph (A), or the relative is known by the magisterial district judge to have

an interest in the law firm that could be substantially affected by the proceeding under paragraph (A)(2)(c), the magisterial district judge's disqualification is required.

[5] A magisterial district judge should disclose information that the magisterial district judge believes the parties or their lawyers might reasonably consider relevant to a possible motion for disqualification, even if the magisterial district judge believes there is no basis for disqualification.

[6] The procedure in Rule 2.11(C) is designed to minimize the chance that a party or lawyer will feel coerced into an agreement. When a party is not immediately available, magisterial district judges may proceed on the written assurance of the lawyers that their parties' consent will be subsequently filed.

[7] Rule 2.11(A)(4) represents a first inroad into complex issues associated with the financing of judicial campaigns in the scheme prescribed by the Pennsylvania Constitution, per which judicial officers are elected by the citizenry. See Pa. Const. art. V, §13. For example, the rule presently does not address a number of circumstances which have arisen in the context of public judicial elections, including the involvement of political action committees ("PACs"). Under the direction of an independent board of directors, such entities may aggregate then distribute individual contributions among judicial campaigns, political campaigns, their own operating expenses, and other expenditures. There is no attempt, under the present rule, to require disqualification on account of individual contributions made to a PAC, so long as the organization does not serve as the alter-ego of a specific donor or donors. Rulemaking, in this regard, would require further study and deliberation in order to appropriately balance all respective interests involved. Thus, the Court has reserved any treatment to a later time.

**RULE 2.12**
*Supervisory Duties*

**A magisterial district judge should require court staff, court officials, and others subject to the magisterial district judge's direction and control to act in a manner consistent with the judge's obligations under these Conduct Rules.**

COMMENT:

A magisterial district judge may not direct court personnel to engage in conduct on the magisterial district judge's behalf or as the magisterial district judge's representative when such conduct would violate the Conduct Rules if undertaken by the magisterial district judge.

**RULE 2.13**
*Administrative Appointments*

**(A) In making administrative appointments and hiring decisions, a magisterial district judge or President Judge:**

**(1) shall exercise the power of appointment impartially and on the basis of merit; and**

**(2) shall avoid nepotism, favoritism, and unnecessary appointments.**

**(B)   A magisterial district judge or President Judge shall not approve compensation of appointees beyond the fair value of services rendered.**

COMMENT:

[1] The concept of "appointment" includes hiring decisions.  Appointees of a magisterial district judge or President Judge include personnel such as clerks and secretaries.  Consent by the parties to an appointment or an award of compensation does not relieve the magisterial district judge or President Judge of the obligation prescribed by paragraph (A).

[2] Nepotism is the appointment of a magisterial district judge's or President Judge's spouse or domestic partner, or any relative within the third degree of relationship of either the magisterial district judge or President Judge, or the magisterial district judge's or President Judge's spouse or domestic partner, or the spouse or domestic partner of such relative.

**RULE 2.14.**
*Disability and Impairment*

**A magisterial district judge having a reasonable belief that the performance of a lawyer or another magisterial district judge is impaired by drugs or alcohol, or by a mental, emotional, or physical condition, shall take appropriate action, which may include a confidential referral to a lawyer or judicial assistance program.**

COMMENT:

[1] "Appropriate action" means action intended and reasonably likely to help the magisterial district judge or lawyer in question address the problem and prevent harm to the justice system.  Depending upon the circumstances, appropriate action may include but is not limited to speaking directly to the impaired person, notifying an individual with supervisory responsibility over the impaired person, or making a referral to an assistance program.

[2] Taking or initiating corrective action by way of referral to an assistance program may satisfy a magisterial district judge's responsibility under this Rule.  Assistance programs have many approaches for offering help to impaired magisterial district judges and lawyers, such as intervention, counseling, or referral to appropriate health care professionals.  Depending upon the gravity of the conduct that has come to the magisterial district judge's attention, however, the magisterial district judge may be required to take other action, such as reporting the impaired magisterial district judge or lawyer to the appropriate authority, agency, or body. See Rule 2.15.

**RULE 2.15**
*Responding to Judicial and Lawyer Misconduct*

**(A) A magisterial district judge having knowledge that another magisterial district judge has committed a violation of these Conduct Rules that raises a substantial question regarding the magisterial district judge's honesty, trustworthiness, or fitness as a magisterial district judge shall inform the appropriate authority.**

**(B) A magisterial district judge having knowledge that a lawyer has committed a violation of the Pennsylvania Rules of Professional Conduct that raises a substantial question regarding the lawyer's honesty, trustworthiness, or fitness as a lawyer shall inform the appropriate authority.**

**(C) A magisterial district judge who receives information indicating a substantial likelihood that another magisterial district judge has committed a violation of these Conduct Rules shall take appropriate action.**

**(D) A magisterial district judge who receives information indicating a substantial likelihood that a lawyer has committed a violation of the Pennsylvania Rules of Professional Conduct shall take appropriate action.**

COMMENT:

[1] Taking action to address known misconduct is a magisterial district judge's obligation. Paragraphs (A) and (B) impose an obligation on the magisterial district judge to report to the appropriate authority or other agency or body the known misconduct of another magisterial district judge or a lawyer that raises a substantial question regarding the honesty, trustworthiness, or fitness of that magisterial district judge or lawyer. Ignoring or denying known misconduct among one's judicial colleagues or members of the legal profession undermines a magisterial district judge's responsibility to participate in efforts to ensure public respect for the justice system. This Rule limits the reporting obligation to those offenses that an independent judiciary must vigorously endeavor to prevent.

[2] A magisterial district judge who does not have actual knowledge that another magisterial district judge or a lawyer may have committed misconduct, but receives information indicating a substantial likelihood of such misconduct, is required to take appropriate action under paragraphs (C) and (D). Appropriate action may include, but is not limited to, communicating directly with the magisterial district judge who may have violated these Conduct Rules, communicating with a supervising judge, or reporting the suspected violation to the appropriate authority or other agency or body. Similarly, actions to be taken in response to information indicating that a lawyer has committed a violation of the Rules of Professional Conduct may include but are not limited to communicating directly with the lawyer who may have committed the violation, or reporting the suspected violation to the appropriate authority or other agency or body.

**RULE 2.16**
*Cooperation with Disciplinary Authorities*

**(A) A magisterial district judge shall cooperate and be candid and honest with judicial and lawyer disciplinary agencies.**

**(B) A magisterial district judge shall not retaliate, directly or indirectly, against a person known or suspected to have assisted or cooperated with an investigation of a magisterial district judge or a lawyer.**

COMMENT:

Cooperation with investigations and proceedings of judicial and lawyer discipline agencies, as required in paragraph (A), instills confidence in magisterial district judges' commitment to the integrity of the judicial system and the protection of the public.

# CANON 3

A MAGISTERIAL DISTRICT JUDGE SHALL CONDUCT THE MAGISTERIAL DISTRICT JUDGE'S PERSONAL AND EXTRAJUDICIAL ACTIVITIES TO MINIMIZE THE RISK OF CONFLICT WITH THE OBLIGATIONS OF JUDICIAL OFFICE.

**RULE 3.1**
*Extrajudicial Activities in General*

**Magisterial district judges shall regulate their extrajudicial activities to minimize the risk of conflict with their judicial duties and to comply with all provisions of this Canon. However, a magisterial district judge shall not:**

**(A) participate in activities that will interfere with the proper performance of the magisterial district judge's judicial duties;**

**(B) participate in activities that will lead to frequent disqualification of the magisterial district judge;**

**(C) participate in activities that would reasonably appear to undermine the magisterial district judge's independence, integrity, or impartiality;**

**(D) engage in conduct that would reasonably appear to be coercive; or**

**(E) make use of court premises, staff, stationery, equipment, or other resources, except for incidental use for activities that concern the law, the legal system, or the administration of justice, or unless such additional use is permitted by law.**

21

COMMENT:

[1] To the extent that time permits, and judicial independence and impartiality are not compromised, magisterial district judges are encouraged to engage in appropriate extrajudicial activities. Magisterial district judges are uniquely qualified to engage in extrajudicial activities that concern the law, the legal system, and the administration of justice, such as by speaking, writing, teaching, or participating in scholarly research projects. In addition, magisterial district judges are permitted and encouraged to engage in educational, religious, charitable, fraternal or civic extrajudicial activities not conducted for profit, even when the activities do not involve the law. See Rule 3.7.

[2] Participation in both law-related and other extrajudicial activities helps integrate magisterial district judges into their communities, and furthers public understanding of and respect for courts and the judicial system.

[3] Discriminatory actions and expressions of bias or prejudice by a magisterial district judge, even outside the magisterial district judge's official or judicial actions, are likely to appear to a reasonable person to call into question the magisterial district judge's integrity and impartiality. Examples include jokes or other remarks that demean individuals based upon their race, sex, gender, religion, national origin, ethnicity, disability, age, sexual orientation, or socioeconomic status. For the same reason, a magisterial district judge's extrajudicial activities must not be conducted in connection or affiliation with an organization that practices invidious discrimination. See Rule 3.6.

[4] While engaged in permitted extrajudicial activities, magisterial district judges must not coerce others or take action that would reasonably be perceived as coercive.

[5] Paragraph (E) of this Rule is not intended to prohibit a magisterial district judge's occasional use of office resources, such as a telephone, for personal purposes.

**RULE 3.2.**
*Appearances Before Governmental Bodies and Consultation with Government Officials*

**A magisterial district judge shall not make a presentation to a public hearing before, or otherwise consult with, an executive or legislative body or official, except:**

**(A) in connection with matters concerning the law, the legal system, or the administration of justice;**

**(B) in connection with matters about which the magisterial district judge acquired knowledge or expertise in the course of the magisterial district judge's judicial duties; or**

**(C) when the magisterial district judge is acting *pro se* in a matter involving the magisterial district judge's legal or economic interests, or when the magisterial district judge is acting in a fiduciary capacity.**

**(D)  a magisterial district judge may consult with and make recommendations to public and private fund-granting agencies on projects and programs concerning the law, the legal system, or the administration of justice.**

COMMENT:

[1] Magisterial district judges possess special expertise in matters of law, the legal system, and the administration of justice, and may properly share that expertise with governmental bodies and executive or legislative branch officials.

[2] In appearing before governmental bodies or consulting with government officials, magisterial district judges must be mindful that they remain subject to other provisions of these Conduct Rules, such as Rule 1.3, prohibiting magisterial district judges from using the prestige of office to advance their own or others' interests, Rule 2.10, governing public comment on pending and impending matters, and Rule 3.1(C), prohibiting magisterial district judges from engaging in extrajudicial activities that would appear to a reasonable person to undermine the magisterial district judge's independence, integrity, or impartiality.

[3] In general, it would be an unnecessary and unfair burden to prohibit magisterial district judges from appearing before governmental bodies or consulting with government officials on matters that are likely to affect them as private citizens, such as zoning proposals affecting their real property. In engaging in such activities, however, magisterial district judges must not refer to their judicial positions, and must otherwise exercise caution to avoid using the prestige of judicial office.

**RULE 3.3:**
*Testifying as a Character Witness*

**Reserved.**

COMMENT:

In Pennsylvania, this subject matter is addressed in Rule of Judicial Administration 1701(e).

**RULE 3.4**
*Appointments to Governmental Positions and Other Organizations*

**(A) A magisterial district judge shall not accept appointment to a governmental committee, board, commission, or other governmental position, unless it is (1) one that concerns the law, the legal system, or the administration of justice or (2) a non-law related board or commission, to the extent that such service is not compensated, and would not create a conflict of interest or the appearance of impropriety.**

**(B)    A magisterial district judge may serve as a member, officer, or director of an organization or governmental agency devoted to the improvement of the law, the legal system, or the administration of justice.  A magisterial district judge shall not personally solicit funds but may attend fundraising events for such organizations.**

**(C)    Senior magisterial district judges eligible for recall to judicial service may accept extrajudicial appointments not permitted by Rule 3.4(B) but during the term of such appointment shall refrain from judicial service.**

COMMENT

[1] Rule 3.4 implicitly acknowledges the value of magisterial district judges accepting appointments to entities that concern the law, the legal system, or the administration of justice. Appointments to non-law related boards or commissions, such as historic preservation boards, are permissible as long as they will not create any conflicts of interest.  Even in such instances, however, a magisterial district judge should assess the appropriateness of accepting an appointment, paying particular attention to the subject matter of the appointment and the availability and allocation of judicial resources, including the magisterial district judge's time commitments, and giving due regard to the requirements of the independence and impartiality of the judiciary.

[2] A magisterial district judge may represent his or her country, state, or locality on ceremonial occasions or in connection with historical, educational, or cultural activities.  Such representation does not constitute acceptance of a governmental position.

**RULE 3.5**
*Use of Nonpublic Information*

**Nonpublic information acquired by magisterial district judges in their judicial capacity shall not be used or disclosed by them in financial dealings or for any other purpose not related to their judicial duties.**

COMMENT

[1] In the course of performing judicial duties, a magisterial district judge may acquire information of commercial or other value that is unavailable to the public. The magisterial district judge must not reveal or use such information for personal gain or for any purpose unrelated to his or her judicial duties.

[2] This Rule is not intended, however, to affect a magisterial district judge's ability to act on information as necessary to protect the health or safety of the magisterial district judge or a member of the magisterial district judge's family, court personnel, other judicial officers or other persons if consistent with other provisions of these Conduct Rules.

**RULE 3.6**
*Affiliation with Discriminatory Organizations*

**(A) A magisterial district judge shall not hold membership in any organization that practices invidious discrimination on the basis of race, sex, gender, religion, national origin, ethnicity, disability or sexual orientation.**

**(B) A magisterial district judge shall not use the benefits or facilities of an organization if the magisterial district judge knows or should know that the organization practices invidious discrimination on one or more of the bases identified in paragraph (A). A magisterial district judge's attendance at an event in a facility of an organization that the magisterial district judge is not permitted to join is not a violation of this Rule when the magisterial district judge's attendance is an isolated event that could not reasonably be perceived as an endorsement of the organization's practices.**

COMMENT

[1] A magisterial district judge's public manifestation of approval of invidious discrimination on any basis gives rise to the appearance of impropriety and diminishes public confidence in the integrity and impartiality of the judiciary. A magisterial district judge's membership in an organization that practices invidious discrimination creates the perception that the magisterial district judge's impartiality is impaired.

[2] An organization is generally said to discriminate invidiously if it arbitrarily excludes from membership on the basis of race, sex, gender, religion, national origin, ethnicity, disability or sexual orientation persons who would otherwise be eligible for admission. Whether an organization practices invidious discrimination is a complex question to which magisterial district judges should be attentive. The answer cannot be determined from a mere examination of an organization's current membership rolls, but rather, depends upon how the organization selects members, as well as other relevant factors, such as whether the organization is dedicated to the preservation of religious, ethnic, or cultural values of legitimate common interest to its members, or whether it is an intimate, purely private organization whose membership limitations could not constitutionally be prohibited.

[3] When a magisterial district judge learns that an organization to which the magisterial district judge belongs engages in invidious discrimination, the magisterial district judge must resign immediately from the organization.

[4] A magisterial district judge's membership in a religious organization as a lawful exercise of the freedom of religion is not a violation of this Rule.

[5] This Rule does not apply to national or state military service.

**RULE 3.7**
*Participation in Educational, Religious, Charitable, Fraternal or Civic Organizations and Activities*

**(A) Avocational activities. Magisterial district judges may write, lecture, teach, and speak on non-legal subjects and engage in the arts, sports, and other social and recreational activities, if such avocational activities do not detract from the dignity of their office or interfere with the performance of their judicial duties.**

**(B) Civic and Charitable Activities. Magisterial district judges may participate in civic and charitable activities that do not reflect adversely upon their impartiality or interfere with the performance of their judicial duties. Magisterial district judges may serve as an officer, director, trustee, or nonlegal advisor of an educational, religious, charitable, fraternal, or civic organization not conducted for the economic or political advantage of its members, subject to the following limitations:**

**(1) A magisterial district judge shall not serve if it is likely that the organization will be engaged in proceedings that would ordinarily come before the magisterial district judge or will be regularly engaged in adversary proceedings in any court.**

**(2) A magisterial district judge shall not personally solicit funds for any educational, religious, charitable, fraternal, or civic organization, or use or permit the use of the prestige of the judicial office for that purpose, but may be listed as an officer, director, or trustee of such an organization. A magisterial district judge shall not be a speaker or the guest of honor at an organization's fundraising events that are not for the advancement of the legal system, but may attend such events.**

**(3) A magisterial district judge shall not give investment advice to such an organization.**

**(C) Notwithstanding any of the above, a magisterial district judge may encourage lawyers to provide *pro bono publico* legal services.**

COMMENT:

[1] The nature of many outside organizations is constantly changing and what may have been innocuous at one point in time may no longer be so. Cases in point are boards of hospitals and banks. Magisterial district judges must constantly be vigilant to ensure that they are not involved with boards of organizations that are often before the court.

[2] Magisterial district judges are also cautioned with regard to organizations of which they were members, and/or in which they remain members, such as the District Attorney's organization, the Public Defender's organization, and MADD, as examples only. Review should be made to make sure that a reasonable litigant appearing before the magisterial district judge would not think that membership in such an organization would create an air of partiality on the part of the tribunal.

**RULE 3.8**
*Fiduciary Activities*

A magisterial district judge may serve as the executor, administrator, trustee, guardian, attorney in fact, or other personal representative or other fiduciary only if such service will not interfere with the proper performance of judicial duties.  As fiduciaries for the estate, trust, or person of a member of the magisterial district judge's family, magisterial district judges are subject to the following restrictions:

(A) They shall not serve if it is likely that as fiduciaries they will be engaged in proceedings that would ordinarily come before them, or if the estate, trust, or ward becomes involved in adversary proceedings in the court on which they serve.

(B) While acting as fiduciaries magisterial district judges are subject to the same restrictions on financial activities that apply to them in their personal capacity.

(C) If a person who is serving in a fiduciary position becomes a magisterial district judge, he or she must comply with this Rule as soon as reasonably practicable, but in no event later than one year after becoming a magisterial district judge.

COMMENT

[1] Magisterial district judges' obligations under this Canon and their obligations as fiduciaries may come into conflict. For example, a magisterial district judge should resign as trustee if divesting the trust of holdings that place the magisterial district judge in violation of Rule 3.1 of these Conduct Rules would result in detriment to the trust.

[2] The Effective Date of Compliance provision of these Conduct Rules, found at No. 376 Magisterial Rules Docket, qualifies this subsection with regard to a magisterial district judge who is an executor, administrator, trustee, or other fiduciary at the time these Conduct Rules become effective.

**RULE 3.9**
*Incompatible Practices.*

A.     Magisterial district judges and all employees assigned to or appointed by magisterial district judges shall not engage, directly or indirectly, in any activity or act incompatible with the expeditious, proper and impartial discharge of their duties, including, but not limited to, (1) in any activity prohibited by law; (2) in the collection business; or (3) in the acceptance of any premium or fee for any judicial bond. Magisterial district judges shall not exploit their judicial position for financial gain or for any business or professional advantage. Magisterial district judges shall not receive any fee or emolument for performing the duties of an arbitrator.

**B.** Magisterial district judges shall not hold another office or position of profit in the government of the United States, the Commonwealth or any political subdivision thereof, except in the armed services of the United States or the Commonwealth.

**RULE 3.10**
*Prohibited Practice of Attorney Magisterial District Judges*

**A.** Attorneys who are magisterial district judges shall not practice before any magisterial district judge in the Commonwealth, nor shall they act as a lawyer in a proceeding in which they have served as a magisterial district judge or in any other proceeding related thereto. Nor shall they practice criminal law in the county within which their magisterial district is located. An employer, employee, partner of office associate of such magisterial district judges shall not appear or practice before them.

**B.** Attorneys who are magisterial district judges shall not practice before, or act as an attorney or solicitor for, any county or local municipal, governmental or quasi governmental agency, board, authority or commission operating within the Commonwealth.

**RULE 3.11**
*Financial Activities*

**(A)** A magisterial district judge may hold and manage investments of the magisterial district judge and members of the magisterial district judge's family.

**(B)** Except as provided in Rule 3.9 and Rule 3.10, a magisterial district judge may serve as an officer, director, manager, general partner, advisor, or employee of any business entity.

**(C)** A magisterial district judge shall not engage in financial activities permitted under paragraphs (A) and (B) if they will:

(1) interfere with the proper performance of judicial duties;

(2) lead to frequent disqualification of the magisterial district judge;

(3) involve the magisterial district judge in frequent transactions or continuing business relationships with lawyers or other persons likely to come before the magisterial district judge; or

(4) result in violation of other provisions of these Conduct Rules.

COMMENT

[1] Magisterial district judges are generally permitted to engage in financial activities, including managing real estate and other investments for themselves or for members of their families. Participation in these activities, like participation in other extrajudicial activities, is

subject to the requirements of these Conduct Rules. For example, it would be improper for a magisterial district judge to spend so much time on business activities that it interferes with the performance of judicial duties. See Rule 2.1. Similarly, it would be improper for a magisterial district judge to use his or her official title or appear in judicial robes in business advertising, or to conduct his or her business or financial affairs in such a way that disqualification is frequently required. See Rules 1.3 and 2.11.

[2] As soon as practicable without serious financial detriment, the magisterial district judge must divest himself or herself of investments and other financial interests that might require frequent disqualification or otherwise violate this Rule. Alternatively, a magisterial district judge may place such investments or other financial interests in a blind trust or similarly protective financial vehicle. So long as continuation will not interfere with the proper performance of judicial duties, a magisterial district judge serving as an officer or director otherwise precluded by this Rule may complete the term of service if such may be accomplished in twelve months or less.

[3] Pursuant to the authority granted by Article V, Section 10 of the Pennsylvania Constitution, the Supreme Court adopted the Rules Governing Standards of Conduct of Magisterial District Judges as the exclusive means of regulating the conduct of magisterial district judges under the supervision of the Supreme Court. Disqualification from proceedings is the most appropriate means of ensuring judicial integrity and impartiality in proceedings, including, but not limited to, those arising from the Pennsylvania Race Horse Development and Gaming Act (4 Pa.C.S.A. § 1101 et seq.).

No magisterial district judge shall have a financial interest, as defined by Section 1512(B) of the Pennsylvania Race Horse Development and Gaming Act (4 Pa.C.S.A. § 1101 et seq.), in or be employed, directly or indirectly, by any licensed racing entity or licensed gaming entity, or any holding, affiliate, intermediary or subsidiary company thereof or any such applicant, or engage in the active ownership or participate in the management of any such entities and related companies.

Rule 2.11 of these Conduct Rules continues to govern the disqualification of magisterial district judges where the interest in or relationship with a licensed racing or licensed gaming entity or related company thereto, or any such applicant therefor, of the magisterial district judge or a family member is at issue.

**RULE 3.12**
*Compensation for Extrajudicial Activities*

**A magisterial district judge may accept reasonable compensation for extrajudicial activities such as speaking, teaching and writing unless such acceptance would appear to a reasonable person to undermine the magisterial district judge's independence, integrity, or impartiality.**

**COMMENT**

[1] A magisterial district judge is permitted to accept honoraria, stipends, fees, wages, salaries, royalties, or other compensation for speaking, teaching, writing, and other similar extrajudicial activities, provided the compensation is reasonable and commensurate with the task performed. The magisterial district judge should be mindful, however, that judicial duties must take precedence over other activities. See Rule 2.1.

[2] Compensation derived from extrajudicial activities shall be subject to public reporting. See Rule 3.15.

[3] The provisions of this rule are subject to the restrictions imposed by Rules 3.9 and 3.10.

**RULE 3.13**
*Acceptance of Gifts, Loans, Bequests, Benefits, or Other Things of Value*

**(A) A magisterial district judge shall not accept any gifts, loans, bequests, benefits, or other things of value, if acceptance is prohibited by law or would appear to a reasonable person to undermine the magisterial district judge's independence, integrity, or impartiality.**

**(B) Unless otherwise prohibited by law, or by paragraph (A), a magisterial district judge may accept the following without publicly reporting such acceptance:**

**(1) items with little intrinsic value, such as plaques, certificates, trophies, and greeting cards;**

**(2) gifts, loans, bequests, benefits, or other things of value from friends, relatives, or other persons, including lawyers, whose appearance or interest in a proceeding pending or impending before the magisterial district judge would in any event require disqualification of the magisterial district judge under Rule 2.11;**

**(3) ordinary social hospitality;**

**(4) commercial or financial opportunities and benefits, including special pricing and discounts, and loans from lending institutions in their regular course of business, if the same opportunities and benefits or loans are made available on the same terms to similarly situated persons who are not magisterial district judges;**

**(5) rewards and prizes given to competitors or participants in random drawings, contests, or other events that are open to persons who are not magisterial district judges;**

**(6) scholarships, fellowships, and similar benefits or awards, if they are available to similarly situated persons who are not magisterial district judges, based upon the same terms and criteria;**

**(7)** books, magazines, journals, audiovisual materials, and other resource materials supplied by publishers on a complimentary basis for official use; or

**(8)** gifts, awards, or benefits associated with the business, profession, or other separate activity of a spouse, a domestic partner, or other family member of a magisterial district judge residing in the magisterial district judge's household, but that incidentally benefit the magisterial district judge.

**(C)** Unless otherwise prohibited by law or by paragraph (A), a magisterial district judge may accept the following items, and must report such acceptance to the extent required by Rule 3.15:

**(1)** gifts incident to a public testimonial;

**(2)** invitations to the magisterial district judge and the magisterial district judge's spouse, domestic partner, or guest to attend without charge:

**(a)** an event associated with a bar-related function or other activity relating to the law, the legal system, or the administration of justice; or

**(b)** an event associated with any of the magisterial district judge's educational, religious, charitable, fraternal or civic activities permitted by these Conduct Rules, if the same invitation is offered to non-magisterial district judges who are engaged in similar ways in the activity as is the judge; and

**(3)** gifts, loans, bequests, benefits, or other things of value, if the source is a party or other person, including a lawyer, who has come or is likely to come before the magisterial district judge, or whose interests have come or are likely to come before the magisterial district judge.

**(D)** A magisterial district judge must report, to the extent required by Rule 3.15, gifts, loans, bequests, benefits, or other things of value received by the business, profession, or other separate activity of a spouse, a domestic partner, or other family member of a magisterial district judge residing in the magisterial district judge's household, if the source is a party or other person, including a lawyer, who has come or is likely to come before the magisterial district judge, or whose interests have come or are likely to come before the magisterial district judge.

COMMENT:

[1] Whenever a magisterial district judge accepts a gift or other thing of value without paying fair market value, there is a risk that the benefit might be viewed as a means to influence the magisterial district judge's decision in a case. Rule 3.13 restricts the acceptance of such benefits, according to the magnitude of the risk. Paragraph (B) identifies circumstances in which the risk that the acceptance would appear to undermine the magisterial district judge's independence, integrity, or impartiality is low, and explicitly provides that such items need not

be publicly reported.  As the value of the benefit or the likelihood that the source of the benefit will appear before the magisterial district judge increases, the magisterial district judge is prohibited under paragraph (A) from accepting the gift, or required under paragraph (C) and (D) to publicly report it.

[2] Gift-giving between friends and relatives is a common occurrence, and ordinarily does not create an appearance of impropriety or cause reasonable persons to believe that the magisterial district judge's independence, integrity, or impartiality has been compromised. In addition, when the appearance of friends or relatives in a case would require the magisterial district judge's disqualification under Rule 2.11, there would be no opportunity for a gift to influence the magisterial district judge's decision making. Paragraph (B)(2) places no restrictions upon the ability of a magisterial district judge to accept gifts or other things of value from friends or relatives under these circumstances, and does not require public reporting.

[3] Businesses and financial institutions frequently offer special pricing, discounts, and other benefits, either in connection with a temporary promotion or for preferred customers, based upon longevity of the relationship, volume of business transacted, and other factors.  A magisterial district judge may freely accept such benefits if they are available to the general public, or if the magisterial district judge qualifies for the special price or discount according to the same criteria as are applied to persons who are not magisterial district judges. As an example, loans provided at generally prevailing interest rates are not gifts, but a magisterial district judge could not accept a loan from a financial institution at below-market interest rates unless the same rate was offered to the general public for a certain period of time or only to borrowers with specified qualifications that the magisterial district judge also possesses.

[4] Rule 3.13 applies only to acceptance of gifts or other things of value by a magisterial district judge. Nonetheless, if a gift or other benefit is given to the magisterial district judge's spouse, domestic partner, or member of the magisterial district judge's family residing in the judge's household, it may be viewed as an attempt to evade Rule 3.13 and influence the magisterial district judge indirectly.  This concern is reduced if the magisterial district judge merely incidentally benefits from a gift or benefit given to such other persons. A magisterial district judge should, however, inform family and household members of the restrictions imposed upon magisterial district judges, and urge them to consider these restrictions when deciding whether to accept such gifts or benefits.

[5] Rule 3.13 does not apply to contributions to a magisterial district judge's campaign for judicial office. Such contributions are governed by other Rules of these Conduct Rules, including Rules 4.3 and 4.4.

## RULE 3.14
### Reimbursement of Expenses and Waivers of Fees or Charges

**(A)   Unless otherwise prohibited by Rules 3.1 and 3.13(A) or other law, a magisterial district judge may accept reimbursement of necessary and reasonable expenses for travel, food, lodging, or other incidental expenses, or a waiver or partial waiver of fees or charges for registration, tuition, and similar items, from sources other than the magisterial district**

**judge's employing entity, if the expenses or charges are associated with the magisterial district judge's participation in extrajudicial activities permitted by these Conduct Rules.**

**(B) Reimbursement of expenses for necessary travel, food, lodging, or other incidental expenses shall be limited to the actual costs reasonably incurred by the magisterial district judge and, when appropriate to the occasion, by the magisterial district judge's spouse, domestic partner, or guest.**

**(C) A magisterial district judge who accepts reimbursement of expenses, waivers, partial waivers of fees or charges on behalf of the magisterial district judge or the magisterial district judge's spouse, domestic partner, or guest shall publicly report such acceptance as required by Rule 3.15.**

COMMENT:

[1] Educational, civic, religious, fraternal, and charitable organizations often sponsor meetings, seminars, symposia, dinners, awards ceremonies, and similar events. Magisterial district judges are encouraged to attend educational programs, as both teachers and participants, in law-related and academic disciplines, in furtherance of their duty to maintain competence in the law. These Conduct Rules also permit and support participation in a variety of other extrajudicial activity.

[2] Often, sponsoring organizations invite certain magisterial district judges to attend seminars or other events on a fee-waived or partial-fee-waived basis, sometimes including reimbursement for necessary travel, food, lodging, or other incidental expenses. A magisterial district judge's decision whether to accept reimbursement of expenses or waiver or partial waiver of fees or charges in connection with these or other extrajudicial activities must be based upon an assessment of all the circumstances. The magisterial district judge must reasonably obtain and consider information necessary to make an informed judgment about whether acceptance would be consistent with the requirements of these Conduct Rules.

[3] A magisterial district judge must be confident that acceptance of reimbursement or fee waivers would not reasonably undermine the magisterial district judge's independence, integrity, or impartiality. The factors that a magisterial district judge should consider when deciding whether to accept reimbursement or a fee waiver for attendance at a particular activity include:

(a)     whether the sponsor is an accredited educational institution or a bar association rather than a trade association or a for-profit entity;

(b)     whether the funding comes largely from numerous contributors rather than from a single entity and is restricted to programs with specific content;

(c)     whether the content is related or unrelated to the subject matter of litigation pending before the magisterial district judge, or to matters that are likely to come before the magisterial district judge;

(d)     whether the activity is primarily educational, rather than recreational, and whether the costs of the event are reasonable and comparable to those associated with similar events sponsored by the judiciary, bar associations, or similar groups;

(e)     whether information concerning the activity and its funding sources is available upon inquiry;

(f)     whether the sponsor or source of funding is generally associated with particular parties or interests currently appearing or likely to appear in the magisterial district judge's court, thus possibly requiring disqualification of the magisterial district judge under Rule 2.11;

(g)     whether differing viewpoints are presented; and

(h)     whether a broad range of judicial and nonjudicial participants are invited, whether a large number of participants are invited, and whether the program is designed exclusively for judges.

**RULE 3.15**
*Reporting Requirements*

**(A) A magisterial district judge shall publicly report:**

**(1) the source of income for compensation over $1,300;**

**(2) the amount or value of gifts and other things of value as permitted by Rule 3.13(C), unless the value of such items, alone or in the aggregate with other items received from the same source in the same calendar year, does not exceed $250; and**

**(3) the amount or value of reimbursement of expenses and waiver of fees or charges permitted by Rule 3.14(A), unless the amount of reimbursement or waiver, alone or in the aggregate with other reimbursements or waivers received from the same source in the same calendar year, does not exceed $650.**

**(B) When public reporting is required by paragraph (A), a magisterial district judge shall report:**

**(1) the date, place, and nature of the activity for which the magisterial district judge received any compensation;**

**(2) the date and description of any gift, loan, bequest, benefit, or other thing of value accepted;**

**(3) the date and source of any reimbursement of expenses or waiver or partial waiver of fees or charges; and**

**(4)** the date and source of any gifts, loans, bequests, benefits, or other things of value received by the business, profession, or other separate activity of a spouse, a domestic partner, or other family member of a magisterial district judge residing in the magisterial district judge's household if the source is a party or other person, including a lawyer, who has come or is likely to come before the magisterial district judge, or whose interests have come or are likely to come before the magisterial district judge.

**(C)** The public report required by paragraph (A) shall be made at the filing due date for the Pennsylvania Supreme Court Statement of Financial Interest.

**(D)** Reports made in compliance with this Rule shall be filed as public documents on the Pennsylvania Supreme Court Statement of Financial Interest form.

# CANON 4

**A MAGISTERIAL DISTRICT JUDGE OR CANDIDATE FOR JUDICIAL OFFICE SHALL NOT ENGAGE IN POLITICAL OR CAMPAIGN ACTIVITY THAT IS INCONSISTENT WITH THE INDEPENDENCE, INTEGRITY, OR IMPARTIALITY OF THE JUDICIARY.**

**RULE 4.1**
*Political and Campaign Activities of Magisterial District Judges and Judicial Candidates in General*

**(A)** Except as permitted by Rules 4.2, 4.3, and 4.4, a magisterial district judge or a judicial candidate shall not:

**(1)** act as a leader in, or hold an office in, a political organization;

**(2)** make speeches on behalf of a political organization or a candidate for any public office;

**(3)** publicly endorse or publicly oppose a candidate for any public office;

**(4)** solicit funds for, pay an assessment to, or make a contribution to a political organization or a candidate for public office;

**(5)** attend or purchase tickets for dinners or other events sponsored by a political organization or a candidate for public office;

**(6)** use or permit the use of campaign contributions for the private benefit of the judge or others;

**(7)** use court staff, facilities, or other court resources in a campaign for judicial office;

**(8) knowingly or with reckless disregard for the truth make any false or misleading statement;**

**(9) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending in any court;**

**(10) engage in any political activity on behalf of a political organization or candidate for public office except on behalf of measures to improve the law, the legal system, or the administration of justice; or**

**(11) in connection with cases, controversies or issues that are likely to come before the court, make pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.**

**(B) A magisterial district judge or judicial candidate shall take reasonable measures to ensure that other persons do not undertake, on behalf of the magisterial district judge or judicial candidate, any activities prohibited under paragraph (A).**

COMMENT:

GENERAL CONSIDERATIONS

[1] Even when subject to public election, a magisterial district judge plays a role different from that of a legislator or executive branch official. Rather than making decisions based upon the expressed views or preferences of the electorate, a magisterial district judge makes decisions based upon the law and the facts of every case. Therefore, in furtherance of this interest, magisterial district judges and judicial candidates must, to the extent reasonably possible, be free and appear to be free from political influence and political pressure. This Canon imposes narrowly tailored restrictions upon the political and campaign activities of all magisterial district judges and judicial candidates, taking into account the various methods of selecting magisterial district judges.

[2] When a person becomes a judicial candidate, this Canon becomes applicable to his or her conduct. These Rules do not prohibit candidates from campaigning on their own behalf, from endorsing or opposing candidates for the same judicial office for which they are a candidate, or from endorsing candidates for another elective judicial office appearing on the same ballot. See Rules 4.2(B)(2) and 4.2(B)(3). Candidates do not publicly endorse another candidate for public office by having their name on the same ticket.

PARTICIPATION IN POLITICAL ACTIVITIES

[3] Public confidence in the independence and impartiality of the judiciary is eroded if judges or judicial candidates are perceived to be subject to political influence. Although magisterial district judges and judicial candidates may register to vote as members of a political party, they are prohibited by paragraph (A)(1) from assuming leadership roles in political organizations.

36

[4] Paragraphs (A)(2) and (A)(3) prohibit magisterial district judges from making speeches on behalf of political organizations or publicly endorsing or opposing candidates for public office, respectively, to prevent them from abusing the prestige of judicial office to advance the interests of others. See Rule 1.3.

[5] Although members of the families of magisterial district judges and judicial candidates are free to engage in their own political activity, including becoming a candidate for public office, there is no "family exception" to the prohibition in Rule 4.1(A)(3) against a magisterial district judge or candidate publicly endorsing candidates for public office. A magisterial district judge or judicial candidate must not become involved in, or publicly associated with, a family member's political activity or campaign for public office. To avoid public misunderstanding, magisterial district judges and judicial candidates should take, and should urge members of their families to take, reasonable steps to avoid any implication that they endorse any family member's candidacy or other political activity.

[6] Magisterial district judges and judicial candidates retain the right to participate in the political process as voters in both primary and general elections.

PLEDGES, PROMISES, OR COMMITMENTS INCONSISTENT WITH IMPARTIAL PERFORMANCE OF THE ADJUDICATIVE DUTIES OF JUDICIAL OFFICE

[7] The role of a magisterial district judge is different from that of a legislator or executive branch official, even when the magisterial district judge is subject to public election. Campaigns for judicial office must be conducted differently from campaigns for other offices. The narrowly drafted restrictions upon political and campaign activities of judicial candidates provided in Canon 4 allow candidates to conduct campaigns that provide voters with sufficient information to permit them to distinguish between candidates and make informed electoral choices.

[8] Rule 4.1(A)(11) makes applicable to both magisterial district judges and judicial candidates the prohibition that applies to magisterial district judges in Rule 2.10(B), relating to pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of judicial office.

[9] The making of a pledge, promise, or commitment is not dependent upon, or limited to, the use of any specific words or phrases; instead, the totality of the statement must be examined to determine whether the candidate for judicial office has specifically undertaken to reach a particular result. Pledges, promises, or commitments must be contrasted with statements or announcements of personal views on legal, political, or other issues, which are not prohibited. When making such statements, a magisterial district judge should acknowledge the overarching judicial obligation to apply and uphold the law, without regard to his or her personal views.

[10] A judicial candidate may make campaign promises related to judicial organization, administration, and court management, such as a promise to dispose of a backlog of cases, start court sessions on time, or avoid favoritism in appointments and hiring. A candidate may also

pledge to take action outside the courtroom, such as advocating for more funds to improve the physical plant and amenities of the courthouse.

[11] Judicial candidates may receive questionnaires or requests for interviews from the media and from issue advocacy or other community organizations that seek to learn their views on disputed or controversial legal or political issues. Paragraph (A)(11) does not specifically address judicial responses to such inquiries. Depending upon the wording and format of such questionnaires, candidates' responses might be viewed as pledges, promises, or commitments to perform the adjudicative duties of office other than in an impartial way. To avoid violating paragraph (A)(11), therefore, candidates who respond to media and other inquiries should also give assurances that they will keep an open mind and will carry out their adjudicative duties faithfully and impartially if elected. Candidates who do not respond may state their reasons for not responding, such as the danger that answering might be perceived by a reasonable person as undermining a successful candidate's independence or impartiality, or that it might lead to frequent disqualification. See Rule 2.11.

**RULE 4.2**
*Political and Campaign Activities of Judicial Candidates in Public Elections*

**(A) A judicial candidate in a public election shall:**

**(1)    act at all times in a manner consistent with the independence, integrity, and impartiality of the judiciary;**

**(2)    comply with all applicable election, election campaign, and election campaign fundraising laws and regulations of this jurisdiction;**

**(3)    review and approve the content of all campaign statements and materials produced by the candidate or his or her campaign committee, as authorized by Rule 4.4, before their dissemination; and**

**(4)    take reasonable measures to ensure that other persons do not undertake on behalf of the candidate activities, other than those described in Rule 4.4, that the candidate is prohibited from doing by this Rule.**

**(B) A candidate for elective judicial office may, unless prohibited by law, and not earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office:**

**(1) establish a campaign committee pursuant to the provisions of Rule 4.4;**

**(2) speak on behalf of his or her candidacy through any medium, including but not limited to advertisements, websites, or other campaign literature;**

**(3) publicly endorse or speak on behalf of, or publicly oppose or speak in opposition to, candidates for the same judicial office for which he or she is a judicial**

candidate, or publicly endorse or speak on behalf of candidates for any other elective judicial office appearing on the same ballot;

(4) attend or purchase tickets for dinners or other events sponsored by a political organization or a candidate for public office;

(5) seek, accept, or use endorsements from any person or organization;

(6) contribute to a political organization or candidate for public office;

(7) identify himself or herself as a member or candidate of a political organization; and

(8) use court facilities for the purpose of taking photographs, videos, or other visuals for campaign purposes to the extent such facilities are available on an equal basis to other candidates for such office.

(C) A magisterial district judge who is a candidate for elective judicial office shall not:

(1) use or permit the use of campaign contributions for the private benefit of the candidate or others;

(2) use court staff, facilities, or other court resources in a campaign for judicial office except that a magisterial district judge may use court facilities for the purpose of taking photographs, videos, or other visuals for campaign purposes to the extent such facilities are available on an equal basis for other candidates for such office;

(3) knowingly or with reckless disregard for the truth, make, or permit or encourage his or her campaign committee to make, any false or misleading statement; or

(4) make any statement that would reasonably be expected to affect the outcome or impair the fairness of a matter pending or impending in any court.

COMMENT:

GENERAL CONSIDERATIONS

[1] Paragraphs (B) and (C) permit judicial candidates in public elections to engage in some political and campaign activities otherwise prohibited by Rule 4.1. Candidates may not engage in these activities earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office.

[2] Despite paragraph (B) and (C), judicial candidates for public election remain subject to many of the provisions of Rule 4.1. For example, a candidate continues to be prohibited from soliciting funds for a political organization, knowingly making false or misleading statements

during a campaign, or making certain promises, pledges, or commitments related to future adjudicative duties. See Rule 4.1(A), paragraphs (4) and (11), and Rule 4.2(C), paragraph (3).

[3] In public elections for judicial office, a candidate may be nominated by, affiliated with, or otherwise publicly identified or associated with a political organization, including a political party. This relationship may be maintained throughout the period of the public campaign, and may include use of political party or similar designations on campaign literature and on the ballot.

[4] Judicial candidates are permitted to attend or purchase tickets for dinners and other events sponsored by political organizations.

[5] For purposes of paragraph (B)(3), candidates are considered to be a candidate for the same judicial office if they are competing for a single judgeship or for one of several judgeships on the same court to be filled as a result of the election. In endorsing or opposing another candidate for a position on the same court, a judicial candidate must abide by the same rules governing campaign conduct and speech as apply to the candidate's own campaign.

STATEMENTS AND COMMENTS MADE DURING A CAMPAIGN FOR JUDICIAL OFFICE

[6] Judicial candidates must be scrupulously fair and accurate in all statements made by them and by their campaign committees. Paragraph (C)(3) obligates candidates and their committees to refrain from making statements that are false or misleading, or that omit facts necessary to make the communication considered as a whole not materially misleading.

[7] Judicial candidates are sometimes the subject of false, misleading, or unfair allegations made by opposing candidates, third parties, or the media. For example, false or misleading statements might be made regarding the identity, present position, experience, qualifications, or judicial rulings of a candidate. In other situations, false or misleading allegations may be made that bear upon a candidate's integrity or fitness for judicial office. As long as the candidate does not violate paragraphs (C)(3) or (C)(4), or Rule 4.1, paragraph (A)(11), the candidate may make a factually accurate public response. In addition, when an independent third party has made unwarranted attacks on a candidate's opponent, the candidate may disavow the attacks, and request the third party to cease and desist.

[8] Subject to paragraph (C)(4), a judicial candidate is permitted to respond directly to false, misleading, or unfair allegations made against him or her during a campaign, although it is preferable for someone else to respond if the allegations relate to a pending case.

[9] Paragraph (C)(5) prohibits judicial candidates from making comments that might impair the fairness of pending or impending judicial proceedings. This provision does not restrict arguments or statements to the court or jury by a lawyer who is a judicial candidate, or rulings, statements, or instructions by a judge that may appropriately affect the outcome of a matter.

**RULE 4.3**
*Activities of Candidates for Appointive Judicial Office*

A candidate for appointment to judicial office may:

(A) communicate with the appointing or confirming authority, including any selection, screening, or nominating commission or similar agency; and

(B) seek endorsements for the appointment from any person or organization.

COMMENT:

When seeking support or endorsement, or when communicating directly with an appointing or confirming authority, a candidate for appointive judicial office must not make any pledges, promises, or commitments that are inconsistent with the impartial performance of the adjudicative duties of the office. See Rule 4.1(A)(11).

**RULE 4.4**
*Campaign Committees*

(A) A judicial candidate subject to public election may establish a campaign committee to manage and conduct a campaign for the candidate, including seeking, accepting, and using endorsements from any person or organization, subject to the provisions of these Conduct Rules. The candidate shall take reasonable steps to cause his or her campaign committee to comply with applicable provisions of these Conduct Rules and other applicable law.

(B) A judicial candidate subject to public election shall take reasonable steps to cause the magisterial district judge's campaign committee:

(1) to solicit and accept only such campaign contributions as are permitted by law or Rule;

(2) not to solicit or accept contributions earlier than immediately after the General Election in the year prior to the calendar year in which a person may become a candidate for such office, and all fundraising activities in connection with such judicial campaign shall terminate no later than the last calendar day of the year in which the judicial election is held; and

(3) to comply with all applicable statutory requirements for disclosure and divestiture of campaign contributions, and to file with the Secretary of the Commonwealth a report stating the name, address, occupation, and employer of each person who has made campaign contributions to the committee in an aggregate value exceeding $250 and the name and address of each person who has made campaign contributions to the committee in an aggregate value exceeding $50. The report must be filed not later than thirty days following an election, or within such other period as is provided by law.

**COMMENT:**

[1] Judicial candidates are prohibited from personally soliciting campaign contributions or personally accepting campaign contributions. This Rule recognizes that in Pennsylvania, judicial campaigns must raise campaign funds to support their candidates, and permits candidates, other than candidates for appointive judicial office, to establish campaign committees to solicit and accept reasonable financial contributions or in-kind contributions.

[2] Campaign committees may solicit, accept, and use campaign contributions and endorsements, and may generally conduct campaigns. Candidates are responsible for compliance with the requirements of election law and other applicable law, and for the activities of their campaign committees.

[3] At the start of a campaign, the candidate should instruct the campaign committee to solicit or accept only such contributions as are in conformity with applicable law. Although lawyers and others who might appear before a successful candidate for judicial office are permitted to make campaign contributions, the candidate should instruct his or her campaign committee to be especially cautious in connection with such contributions, so they do not create grounds for disqualification or recusal if the candidate is elected to judicial office. See Rule 2.11.

**RULE 4.5**
*Activities of Magisterial District Judges Who Become Candidates for Nonjudicial Office*

**(A) Upon becoming a candidate for a nonjudicial elective office, a magisterial district judge shall resign from judicial office, unless permitted by law to continue to hold judicial office.**

**(B) Upon becoming a candidate for a nonjudicial appointive office, a magisterial district judge is not required to resign from judicial office, provided that the magisterial district judge complies with the other provisions of these Conduct Rules.**

**(C) Notwithstanding Rule 4.5(A) and (B) a magisterial district judge may continue to hold a judicial office while being a candidate for election to serve or while serving as a delegate to a state constitutional convention if the magisterial district judge is otherwise permitted by law to do so.**

**COMMENT:**

[1] In campaigns for nonjudicial elective public office, candidates may make pledges, promises, or commitments related to positions they would take and ways they would act if elected to office. Although appropriate in nonjudicial campaigns, this manner of campaigning is inconsistent with the role of a magisterial district judge, who must remain fair and impartial to all who come before him or her. The potential for misuse of the judicial office, and the political promises that the magisterial district judge would be compelled to make in the course of campaigning for nonjudicial elective office, together dictate that a magisterial district judge who wishes to run for such an office must resign upon becoming a candidate.

[2] The "resign to run" rule set forth in paragraph (A) is required by Article V, Section 18(d)(4) of the Pennsylvania Constitution, which states: "A justice, judge or justice of the peace [now magisterial district judge] who files for nomination for or election to any public office other than a judicial office shall forfeit automatically his judicial office." It ensures that a magisterial district judge cannot use the judicial office to promote his or her candidacy, and prevents post-campaign retaliation from the magisterial district judge in the event the magisterial district judge is defeated in the election. When a magisterial district judge is seeking appointive nonjudicial office, however, the dangers are not sufficient to warrant imposing the "resign to run" rule.